JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANESE HAWKINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE ELEVANCE HEALTH COMPANIES, INC., CARELON BEHAVIORAL HEALTH OF CALIFORNIA, INC., formerly known as Beacon Health Options of California, Inc., and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. 8:24-cv-00049-JWH-KES<br><br>**ORDER REGARDING DEFENDANTS' MOTION TO DISMISS [ECF No. 17] AND PLAINTIFF'S MOTION TO REMAND [ECF No. 20]** |

Before the Court are (1) the motion of Defendants The Elevance Health Companies, Inc. and Carelon Behavioral Health of California, Inc. to dismiss the Complaint of Plaintiff Tanese Hawkins;[1] and (2) Hawkins's Motion to Remand this action to Orange County Superior Court.[2] Each Motion is fully briefed.[3] The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. For the reasons stated below, the Court **GRANTS** the Motion to Remand, and therefore **DECLINES** to rule upon the Motion to Dismiss for lack of subject matter jurisdiction.

## I. BACKGROUND

Hawkins originally filed her Complaint in state court in November 2023,[4] and Defendants removed the action to this Court in January 2024 pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.[5] In her Complaint, Hawkins asserts four claims for relief under California's Fair Employment and Housing Act ("FEHA")—a state law.[6] Specifically, she alleges disability discrimination, failure to accommodate, failure to engage in the interactive process, and retaliation in violation of FEHA in connection with Defendants' alleged action in firing her after she suffered a miscarriage.[7]

---

[1] Defs.' Mot. to Dismiss (the "Motion to Dismiss") [ECF No. 17].

[2] Pl.'s Mot. to Remand (the "Motion to Remand") [ECF No. 20].

[3] *See* Opp'n to Motion to Dismiss [ECF No. 22]; Reply in Supp. of Motion to Dismiss [ECF No. 26]; Opp'n to Motion to Remand (the "Opposition") [ECF No. 21]; Reply in Supp. of Motion to Remand (the "Reply") [ECF No. 27].

[4] Notice of Removal, Ex. 2 (the "Complaint") [ECF No. 1-2].

[5] Notice of Removal (the "Notice of Removal") [ECF No. 1].

[6] *See generally* Complaint.

[7] *See generally id.*

For the purpose of the instant Motion to Remand, Hawkins states that "[i]n or around September of 2021, [Hawkins] suffered a miscarriage" and thereafter "informed her supervisor, Hughra Wright . . . and requested a few days off to recover."[8] Hawkins's doctor placed her on medical leave, and although Hawkins shared with Wright the doctor's note ordering medical leave, Wright sent Hawkins an email informing her that she was fired.[9] Wright's email came from an address with Beacon Health Options, and the signature line read "Manager-in Training, Beacon Health Options."[10]

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. Accordingly, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In every federal case, the basis for federal jurisdiction must appear affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted). When Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction. *See id.*

To remove an action to federal court under 28 U.S.C. § 1441, the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta*, 537 U.S. at 33. As such, a defendant may remove civil actions in which either (1) a federal question exists; or (2) complete

---

[8] *Id.* at ¶ 11.

[9] *Id.* at ¶¶ 13-18.

[10] *See* Motion to Remand 5:3-10; *id.*, Ex. F (email).

diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331 & 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008). When the litigants are entities, diversity jurisdiction depends on the form of the entity. *See, e.g.*, *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (holding that an unincorporated association such as a partnership has "the citizenships of all of its members"). Similarly, a limited liability company is a "citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). In contrast, a corporation is a citizen of only (1) the state where its principal place of business is located; and (2) the state in which it is incorporated. *See* 28 U.S.C. § 1332(c)(1).

The right to remove is not absolute, even when original jurisdiction exists. The removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (quotation marks omitted). Any doubts regarding the existence of subject matter jurisdiction must be resolved in favor of remand. *See id.* at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

### III.  ANALYSIS

Defendants oppose Hawkins's Motion to Remand, arguing that Hawkins was an employee of Elevance Health and that Carelon is a sham defendant such

that Carelon's California citizenship should not defeat diversity jurisdiction.[11] But Defendants bear the burden of proving removal is proper, and doubts with respect to removal jurisdiction must be resolved in favor of remand.  *See id.*  Here, Hawkins reasonably believed, and has plausibly alleged, that Wright—***on behalf of*** Beacon Health Options, a California corporate citizen—terminated Hawkins in violation of FEHA.  *See, e.g.*, *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 759 (1998) ("Apparent authority exists only to the extent it is reasonable for the third person dealing with the agent to believe that the agent is authorized.").  Carelon—formerly known as Beacon Health Options—is thus not a sham defendant, and removal pursuant to diversity jurisdiction was improper.

Therefore, the Court **GRANTS** Hawkins's Motion to Remand and **DECLINES** to rule upon the Motion to Dismiss because it lacks jurisdiction to do so.

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Hawkins's Motion to Remand is **GRANTED**.
2. This action is remanded to Orange County Superior Court.
3. The Court **DECLINES** to rule on Defendants' Motion to Dismiss, in view of its conclusion that it lacks jurisdiction over this action.

**IT IS SO ORDERED.**

Dated: July 1, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[11]  *See generally* Opposition.